386 A.2d 602

**COMMONWEALTH of Pennsylvania**

**v.**

**William Floyd KIRKPATRICK, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided May 23, 1978.

Thomas G. Gavin, West Chester, for appellant.

Joan Lasensky and John H. Wollman, Assistant District Attorneys, West Chester, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Appellant was convicted on September 19, 1974, in a jury trial of robbery,[1] criminal conspiracy,[2] and criminal attempt homicide.[3] Post verdict motions were filed and denied. Appellant was sentenced to four to eight years. A Post Conviction Hearing Petition was filed and appellant was permitted to file this appeal nunc pro tunc. Appellant raises several issues on appeal; however, we find only one to be of merit.

Appellant argues that reversible error was committed when the trial judge refused defense counsel's request to voir dire the jury panel the morning trial was to begin because of the substance of a radio broadcast that same morning at 7:30 and again at 8:30 a. m. The broadcast related that appellant's co-defendant had pled guilty and had already been sentenced, and that appellant was going on trial that day. Defense counsel made a motion for continuance, and also requested to voir dire the panel to ascertain how many had heard the broadcast. The court denied both motions. This refusal to voir dire amounted to an abuse of discretion on the part of the trial court. Even though the news broadcast was clearly based on factual material, the import of the knowledge that a co-defendant had already pled guilty, and been sentenced for the same crime is highly prejudicial. This is particularly true when all defendants were purported to be in the same car and co-defendant admitted to driving the "get-away" car. This is clearly the kind of prejudice which a defendant could not protect himself against at trial. This decision is in line with the reasoning of *Commonwealth v. Brado,* 470 Pa. 306, 368 A.2d 643 (1977).

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 C.P.S.A. § 3701 (1973).

2. Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 C.P.S.A. § 903 (1973).

3. Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 C.P.S.A. § 901 (1973).

The prejudice inherent in the instant case is similar to that in *Brado,* and therefore, the reasoning of *Brado* should similarly apply. Absent at least a voir dire, no determination can be made as to whether this prejudice constituted harmless error or not. A continuance should have been granted by the trial court, and failure to do so in this case amounted to an abuse of discretion.

The judgment is reversed and a new trial ordered.

HOFFMAN, J., concurs in the result.

PRICE and VAN der VOORT, JJ., dissent.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.